UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSTRUCTIONSOUTH, INC.                                CIVIL ACTION

VERSUS                                                 NO. 11-1201

GAYLE O. JENKINS                                       SECTION "N" (3)

### ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days before the noticed submission date. No memorandum in opposition to "ConstructionSouth, Inc.'s Motion, in the Alternative, to Remand Improperly Removed State Court Action" (Rec. Doc. 6), set for hearing on June 15, 2011, was filed. Further, it appears to the Court that this motion has merit.

Indeed, Gayle Jenkins ("Jenkins") previously consented to this action proceeding in state court[1], and the removal is in contravention of that agreement. Further, based on this improper

---

[1] ConstructionSouth originally filed an action against Jenkins in the 24th Judicial District Court for the Parish of Jefferson. (Case No. 669185, Rec. Doc. 1-3). The state court, however, ordered that the claims brought by ConstructionSouth against Jenkins proceed to arbitration. (Rec. Doc. 1-12). ConstructionSouth and Jenkins arbitrated their dispute, and the arbitrator entered an award against Jenkins. (Rec. Doc. 1-10 at 8). Subsequently, ConstructionSouth filed a motion, in the same court that had compelled the arbitration, seeking to confirm the award against Jenkins. (Rec. Doc. 1-10). At the time it filed its motion to confirm the arbitration award, ConstructionSouth was unaware that Jenkins had filed a voluntary petition for Chapter 11 bankruptcy in the Eastern District of Louisiana. *(In Re: Gayle O. Jenkins*, Case No. 11-10156). Upon learning of the bankruptcy, ConstructionSouth ceased its efforts to confirm the arbitration award in state court. ConstructionSouth then moved the Bankruptcy Court for relief from the automatic stay in order to resume and complete the confirmation of the arbitration award in state court. (Bankruptcy Case No. 11-10156, Rec. Doc. 15.) In an email dated March 11, 2011 with a subject line

removal, the Court finds ConstructionSouth's request to recover reasonable attorneys fees and costs incurred as a consequence of this removal to be justified.  An accounting of such fees and costs associated with the instant motion[2] should be submitted to the assigned Magistrate Judge.  Accordingly,

**IT IS ORDERED** that **"ConstructionSouth, Inc.'s Motion, in the Alternative, to Remand Improperly Removed State Court Action" (Rec. Doc. 6)** is **GRANTED**.  Pending an award of fees and costs associated with filing the instant motion, this matter is **REMANDED** to the state Court from which it was removed.

**IT IS FURTHER ORDERED** that **"ConstructionSouth, Inc.'s Motion to Deny Referral to Bankruptcy Court, Alternative Motion to Withdraw Reference to Bankruptcy Court, and Motion to Confirm Arbitration Award"** is **DENIED AS MOOT**.

A motion for reconsideration of this Order, if any, must be filed within ten days of the date this Order is entered by the Clerk of Court.  The motion must be accompanied by opposition memorandum to the original motion.  Because a motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration.  *See* FED. R. CIV. P. 16, 83.  A statement of costs conforming to Local Rule 54.3 shall be submitted

---

reading "Re: Motion to Lift Stay," Anne Neeb, counsel for Jenkins, wrote that she had "no opposition to the Motion." (Exhibit A to Rec. Doc. 6). The Bankruptcy Court then granted the unopposed motion to lift the stay without a hearing. (Bankruptcy Case No. 11-10156, Rec. Doc. 30.).  Pursuant to the unopposed order, ConstructionSouth filed a motion to reset the confirmation hearing in state court. (24th JDC Case No. 669185, Rec. Doc. 1-13 at 2-3). Just days before the scheduled confirmation hearing in state court, Jenkins filed a notice of removal to this Court.

[2]     The Court does not intend to award fees and costs associated with ConstructionSouth, Inc.'s Motion to Deny Referral to Bankruptcy Court, Alternative Motion to Withdraw Reference to Bankruptcy Court, and Motion to Confirm Arbitration Award (Rec. Doc. 5).  Rather, this award pertains only to the removal and resulting motion to remand.

by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

New Orleans, Louisiana, this 16th day of June, 2011.

_____
KURT D. ENGELHARDT
United States District Judge