UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSTRUCTION SOUTH, INC.                          CIVIL ACTION

VERSUS                                            NO. 11-1201

GAYLE O. JENKINS                                  SECTION "N"(3)

REPORT AND RECOMMENDATION
REGARDING QUANTUM OF ATTORNEY'S FEES

On June 16, 2011, the District Judge granted plaintiffs' motion to remand in the above-captioned lawsuit, and, finding that defendant's removal was frivolous, awarded plaintiff its reasonable attorneys' fees and costs incurred as a consequence of the removal. *See* Order dated June 16, 2011 [Doc. #9]. The District Judge referred the determination of the amount of reasonable attorneys' fees to the undersigned Magistrate Judge and ordered plaintiff to file an accounting of such fees and costs into the record. [*Id.* at p. 2.] Plaintiff filed its Submission of Accounting in Connection with Request for Attorneys' Fees and Costs [Doc. #10] into the record. For the reasons set forth below, IT IS RECOMMENDED that order and judgment issue awarding attorneys' fees in favor of plaintiff ConstructionSouth, Inc. and against defendant Gayle O. Jenkins in the amount of **$8,584.00**.

I.      ANALYSIS

    A.      THE LODESTAR APPROACH

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374,

379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

      **1.**    **Reasonable Hourly Rates**

Turning to the accounting statement and affidavit submitted by plaintiff's counsel, this Court must determine whether the hourly rates of $415.00/hour for Richard Tyler, $395.00/hour for R.

Patrick Vance, $225.00/hour for Mark Mintz and $210.00/hour for Christopher Cazenave are reasonable given counsel's ability, competence, experience, and skill.  Richard Tyler is a partner with 30 years of experience, and R. Patrick Vance is a partner with 36 years of experience.  Mark Mintz is an associate with nearly four years of experience, and Christopher Cazenave is an associate with nearly two years of experience.

This Court's review of the case law in this district for the past two years reveals that the requested hourly rates require an adjustment based on the practice of law in this district.  *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (awarding $300.00/hour for partners, $225.00/hour for associates, and $75.00/hour for paralegals)*; Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively);  *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are beyond the higher end of the range of the market rate in this area. The Court finds that $350.00/hour is a reasonable rate for the services of Richard Tyler and R. Patrick Vance, $200.00/hour is a reasonable rate for Mark Mintz, and $180.00 hour is a reasonable rate for Christopher Cazenave.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed the accounting statement and accompanying affidavit submitted on behalf of plaintiff's counsel and finds the hours expended by counsel to be reasonable. Richard Tyler alleges that he expended 9.3 hours, R. Patrick Vance alleges that he expended 3.3 hours, and Mark Mintz and Christopher Cazenave allege that they expended .8 and 22.3 hours. respectively. The accounting statement and affidavit reflect that plaintiff's counsel drafted the motion to remand, the memorandum in support and the notice of hearing. The Court's review of the eleven-page

memorandum reveals that counsel conducted much legal research on diverse topics, such as, *inter alia*, the doctrine of mandatory abstention under 28 U.S.C. § 1334(c)(2), the doctrine of permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand grounds under 28 U.S.C. § 1452(b). Although defendant does not challenge whether defense counsel exercised its "billing judgment," the Court's review of the accounting statement satisfies it that plaintiff's counsel did so. Accordingly, the Court finds that an award of $8,584 in attorneys' fees is reasonable here.[1]

### 3. The *Johnson* Factors

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Here, however, counsel does not seek an upward adjustment. Neither does defendant seek a downward adjustment. Accordingly, the Court finds that no upward or downward adjustment is

---

[1] The Court notes that this amount is actually closer to the requested amount of $7,933.00 in attorneys' fees represented in the affidavit.

warranted.

### 4. Costs

Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir.2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

When cost-seekers neglect to supply any verification that the costs claimed were "necessarily incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," the district court does not abuse its discretion by denying all costs except filing fees. *Phetosomone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993); *accord Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 517, 518, 519 (N.D. Miss. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983)).

Here, plaintiff's counsel seek $749.42 in costs for legal research on Westlaw and $13.00 in costs for copying. Generally, costs for computer-related legal research is an expense of counsel and not taxable. *See U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153 (2nd Cir. 1996) (finding that district court did not abuse its discretion in declining to award plaintiff costs for computer research; such research is merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not separately a taxable cost); *see also Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006) (finding that expenses for items such as attorney travel and computer assisted legal research are not deemed "costs" within the meaning of the federal statute that provides for recovery of costs by a prevailing party); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399 (7th Cir. 2000) (holding that as a form of attorney's fees, charges associated with computer-assisted legal research are not separately recoverable expenses); *Jones v. Unisys Corp.*, 54 F.3d 624 (10th Cir. 1995) (finding that costs for computer legal research are not statutorily authorized, and district court should sparingly exercise its discretion with regard to expenses not specifically allowed by statute); *Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429 (7th Cir. 1994) (holding that computer research expenses are considered "attorneys fees," and not taxable "costs," since added cost of computerized research is normally matched with corresponding reduction in the amount of time an attorney must spend researching; there is no difference between the situation where an attorney researches manually and bills only time spent and the situation where an attorney does research on a computer and bills for both time and computer fee); *Leftwich v. Harris-Stowe State Coll.*, 702 F.2d 686 (8th Cir. 1983) (holding that computer-aided research, like any other form of legal research, is a component of an attorney's fees and cannot be independently taxed as an item of cost in addition to

7

an attorney's fee award); *Embotelladora Agral Regiomontana, S.S. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415 (N.D. Tex. 1997) (finding that expenses incurred for computer-assisted legal research are not recoverable under § 1920).  Accordingly, the Court denies any request for costs for computer-related legal research.

As noted, counsel for plaintiff also seeks copying costs in the sum of $13.00.  The cost of copies of papers may be taxed under Section 1920(4) if "necessarily obtained for use in the case."  Copies may be deemed necessary even if not used in the trial of the matter.  *Piester v. IBM Corp.*, 201 F.3d 428, 1998 WL 1267929, *2 (1st Cir. May 14, 1998).  Consequently, in order for copies to be taxable in a case, the party seeking to tax the cost must show some evidence of necessity.  *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).  Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered.  *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995).

Plaintiff's counsel has not provided any information as to the necessity of the photocopies sought to be included in costs. This Court has no method of determining the necessity without additional information.  Consequently, this item of costs is disallowed.

### RECOMMENDATION

Accordingly and for all of the above and foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's counsel be awarded attorneys' fees in the amount of **$8,584.00**.

### OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and

8

recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 29th day of July, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**